BOYER, Chief Judge.
Appellants, defendants in the trial court, appeal from a final judgment setting aside a deed conveying to them certain real property. Appellee’s complaint alleged that when Mrs. L. V. Phelps executed and delivered the challenged deed to appellants she was incompetent, and that the transaction was the result of undue influence. Although several points are raised, the primary issue on appeal is whether the trial court erred in refusing to allow one of appellants’ witnesses, a lawyer, to give his opinion as to whether Mrs. Phelps was competent on the day that she executed the subject deed.
A detailed recitation of the evidence is not necessary for our resolution of the issues presented. To briefly summarize, ap-pellee, one of Mrs. Phelps’ daughters, called several witnesses, including two physicians, who testified that Mrs. Phelps had been suffering from severe physical illnesses for several years which had caused her to become senile and to act strangely. Appellants, friends of Mrs. Phelps and her late husband for more than 30 years, called witnesses who substantially admitted Mrs. Phelps’ physical disabilities but claimed that she was, for the most part, mentally normal. Upon being called as a witness, the attorney who prepared the subject deed described the two meetings which he had with Mrs. Phelps. He related what transpired at those meetings and stated that Mrs. Phelps was specific as to what she wanted done with her property. The following thereupon ensued:
“A As a result of your discussions with her that day and the conversation that you had concerning this property and what she wanted to do with it, did you arrive at an opinion as to whether or not she was competent or incompetent ?
“Mr. WILLIAMS: We object to that. This man is not a doctor; he’s a lawyer.
“THE COURT: Objection sustained.
“Q (By Mr. Smith) Did you have any reason to believe that she was incompetent?
“A No, sir.
“MR. WILLIAMS : That’s a conclusion and we object to it and move that it be stricken.
*475 “THE COURT: Objection sustained.
“Q (By Mr. Smith) Were there any actions that would indicate to you that she was incompetent ?
“A No, sir.
“MR. WILLIAMS: Objection, leading, Your Honor.
“MR. SMITH: That’s all the questions I have, Your Honor.”
Refusal by the trial judge to allow the attorney to express his opinion as to Mrs. Phelps’ competence was clearly erroneous. Testimony by a non-medical witness concerning a person’s competence is proper “where the witness is shown to have had adequate opportunity to observe the manner or conduct of such person.” 13 Fla.Jur. 330, “Evidence”, § 329; see also 40 A.L.R.2d 15. Appellee correctly asserts that the trial judge has discretion to determine whether or not a witness had sufficient opportunity to observe the person about whom he is testifying. However, it is clear from the above-quoted portion of the trial transcript that the trial judge incorrectly excluded testimony of the attorney on the ground that he was not a physician. The record further reveals that the attorney had, in fact, sufficient opportunity to observe Mrs. Phelps, and that his testimony should not have been excluded on that ground.
Having found that the trial judge committed error in excluding the testimony, we must determine whether such error was prejudicial. Our reading of the transcript reveals that it was not. The excluded testimony was cumulative, as several other witnesses called by appellants, including appellants themselves, testified as to Mrs. Phelps’ mental condition. More importantly, the record reveals that the rejected testimony was later inadvertently admitted. Accordingly, the error being harmless, it cannot serve as a basis for reversal.
We have carefully considered the other points raised by appellants and find them to be without merit.
AFFIRMED.
HATCHETT, JOSEPH W. and LEE, THOMAS E., Associate Judges, concur.