COBB, Judge.
The issue is entrapment, a rapidly evolving and confusing concept in Florida law. The factual circumstances giving rise to this appeal involve a classic “sting operation.” Here, an informant set up the sale of cocaine from the defendant to an undercover police officer.[1] Subsequently, Sallomi was convicted by a jury of the sale and possession of cocaine, and sentenced to 12 months community control followed by 30 months probation.
During the trial, the defendant claimed entrapment. Sallomi argued that he had no desire to deal drugs, but, because of the “persistent begging” of the informant, he obtained the drugs as an act of mercy. Ap *970 parently, the trial court did not allow any testimony regarding the informant’s alleged drug use or “need” for drugs.
The defendant contends that the police took advantage of “a program of harassment and threat to induce a citizen who they had no prior ground to believe was actually involved in drug sales to consummate a drug transaction.” The defendant relies on Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985) and State v. Hunter, 586 So.2d 319 (Fla.1991).
The Florida Supreme Court has recently dealt with its position on entrapment in Munoz v. State, 629 So.2d 90 (Fla.1993). In Munoz, the court maintained that the legislature, in enacting section 777.201, did eliminate the objective test originally set out in Cruz. The court noted, however, that the legislature could not prohibit the courts from reviewing the issue of entrapment to the extent of the involvement of the due process clause of Article I, section 9 of the Florida Constitution:
... defining the limits of due process is difficult because due process is not a technical, fixed concept; rather, it is a general principle of law that prohibits prosecutions brought about by methods offending one’s sense of justice.
Munoz at 98. Thus, section 777.201 is inapplicable wherever a judge determines as a matter of law that officers have violated an accused’s due process rights. In other words, section 777.201 is to be applied regarding the issue of entrapment only in the absence of “egregious law enforcement conduct.” In the instant case, we cannot find that such egregious conduct exists as a matter of constitutional law.
We must proceed, then, to an analysis of the legislatively-created entrapment defense and the subjective test codified by section 777.201. This test derives from that articulated by Judge Learned Hand in United States v. Sherman, 200 F.2d 880, 882-83 (2d Cir.1952):
[I]n [entrapment] cases two questions of fact arise: (1) did the agent induce the accused to commit the offence charged in the indictment; (2) if so, was the accused ready and willing without persuasion and was he awaiting any propitious opportunity to commit the offence. On the first question the accused has the burden; on the second the prosecution has it.
These two issues should be submitted to a jury to resolve disputed matters of fact, unless the clarity of the evidence warrants a judicial determination as a matter of law.
In the instant case the predisposition of Sallomi to commit the offense of sale of cocaine was amply demonstrated by his recorded references to his supplier, his demand for cash up front for an “eight ball,” and the finding of cocaine in the trunk of his car.
AFFIRMED.
W. SHARP and GOSHORN, JJ., concur.

. On the night in question, the police officer and informant (who was to be paid $20.00) went to the defendant’s home posing as boyfriend and girlfriend, wherein the officer asked the defendant directly if he knew where he could purchase cocaine. The police officer was told by the defendant to call the next day since it was late and his supplier was in Merritt Island. The following day, the informant called the defendant and a drug purchase was set up for the Econo Lodge in Cocoa Beach. At the motel, the defendant advised the police officer that he could only get an "8 ball.” The police officer gave the defendant a serialized $100.00 bill with another $100.00 to be given upon delivery. There was sufficient testimony to the effect that the informant had called the defendant numerous times regarding drugs.