636 So.2d 744 (1993)
Alexander BEATTIE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00300.
District Court of Appeal of Florida, Second District.
December 29, 1993.
Rehearing Denied February 23, 1994.
*745 Lawrence D. Martin of Vega, Brown, Stanley, Martin & Zelman, P.A., Naples, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
In State v. Beattie, 629 So.2d 112 (Fla. 1993), the supreme court quashed this court's opinion[1] and remanded this case for reconsideration in light of Munoz v. State, 629 So.2d 90 (Fla. 1993). We again conclude that Beattie is entitled to a dismissal of his criminal charges based upon entrapment.
In January 1990 Beattie read an advertisement in a local free shopping publication. The ad, placed by U.S. Customs, listed a name and address for a distributor of "hard to find Foreign videos/magazines in Miniature & Young Love." Beattie responded by letter and stated that he was not involved in law enforcement and was interested in movies "with very young people and with Black men, white women." After an exchange of ten letters[2] between Beattie and an undercover customs official, a customs agent telephoned Beattie and arranged a meeting in a parking lot. The purpose of the meeting was to sell Beattie a child pornography videotape, "Sexy Lolita," that U.S. Customs previously had seized.
Because possession of child pornography was not at that time an offense against the laws of the United States, the customs agent brought the Florida Department of Law Enforcement (FDLE) into this investigation. The FDLE arrested Beattie after it received his check and delivered the videotape to him in the parking lot.
It is undisputed that law enforcement did not know Beattie for any deviant activity or involvement with child pornography until he responded to the advertisement. Customs did not target individuals when it placed the advertisement in the publication. Before the advertisement was run, Customs was aware of one child pornographic videotape which local authorities had seized from a video rental store and one local film developer who reported to local authorities that he had developed a customer's film containing still photographs of nude children.
Beattie filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). Beattie's sworn motion alleged that:
1. Prior to his arrest, Beattie had never been in possession of any materials which were in violation of Section 827.071, Florida Statutes.[3]
2. Beattie had never before tried to order materials in violation of Section 827.071 Florida Statutes.
3. At the time Beattie responded to the advertisement, Beattie was not under investigation for any law violations.
4. Beattie was not familiar with any of the titles of the videotapes on the list law enforcement provided to him.
The state filed a demurrer which asserted that "the facts as alleged by the defendant in the Motion to Dismiss constitute a violation of Florida Statute 827.071(5)."
*746 In Munoz, the supreme court adopted a three-part test to determine if entrapment has occurred. The first question is whether an agent of the government induced the accused to commit the offense charged. On this issue, the accused has the burden of proof and must establish this factor by a preponderance of the evidence. The second question is whether the accused was awaiting a propitious opportunity or was ready and willing, without persuasion, to commit the offense. On the second question, the defendant initially has the burden to establish lack of predisposition. As soon as the defendant produces evidence of no predisposition, the burden shifts to the prosecution to rebut this evidence beyond a reasonable doubt. In rebutting the defendant's evidence of lack of predisposition, the prosecution may make "an appropriate and searching inquiry" into conduct of the accused and present evidence of the accused's prior criminal history, even though such evidence normally is inadmissible. The third question is whether the entrapment evaluation should be submitted to a jury.
Applying the Munoz test to this case, we again conclude that Beattie was entrapped as a matter of law. By his sworn motion, Beattie satisfied his burden on the first question by proving that an agent of the government induced Beattie to commit the offense of possession of illegal contraband relating to a sexual performance by a child. On the second question, Beattie established, by his sworn motion, that he had no predisposition to commit this crime before the agent or law enforcement contacted him. Thereafter, the state had the burden to establish by evidence beyond a reasonable doubt that Beattie did possess a predisposition to commit this crime. Here, the state produced no such evidence. Based upon the application of the evidence to the first two questions in Munoz, especially the lack of any state evidence to prove that Beattie possessed a predisposition to commit the crime, we again conclude that the trial court erred in denying Beattie's motion to dismiss. Therefore, it is unnecessary for this court to address whether the jury was entitled to determine the issue of entrapment.
Reversed and remanded with directions to dismiss the charge against Beattie.
HALL, A.C.J., and PATTERSON, J., concur.
NOTES
[1] This court's earlier opinion can be found at 595 So.2d 249 (Fla. 2d DCA 1992).
[2] The letters discussed types of movies available, film titles, prices, and usual lengths of time from order to delivery.
[3] Section 827.071(5), Florida Statutes (1989) provides as follows:

It is unlawful for any person to knowingly possess any photograph, motion picture, exhibition, show, representation, or other presentation which, in whole or in part, he knows to include any sexual conduct by a child. Whoever violates this subsection is guilty of a felony of the third degree... .