WHATLEY, Judge.
Alberto Bryan Irsula appeals his convictions for trafficking in cocaine and conspiracy to traffick in cocaine. In this opinion, we address one of the issues he raises on appeal and affirm.
Irsula argues that the trial court erred in denying his motion for a judgment of acquittal because he established the defense of entrapment at trial. We disagree. In Robichaud v. State, 658 So.2d 166, 168 (Fla. 2d DCA 1995) (quoting Munoz v. State, 629 So.2d 90, 99-100 (Fla.1993)), this court held that the test for entrapment was as follows:
(1) “[Wjhether an agent of the government induced the accused to commit the offense charged;” (2) “whether the accused was predisposed to commit the offense charged; that is, whether the accused was awaiting any propitious opportunity or was ready and willing, without persuasion, to commit the offense;” and (3) “whether the entrapment evaluation should be submitted to a jury.”
Unlike the compelling and unopposed evidence in Robichaud, the evidence presented in this case clearly required submitting the issue of entrapment to the trier of fact. See § 777.201, Fla. Stat. (1997). *913 Further, the evidence adduced at trial supports the guilty verdicts.
Affirmed.
BLUE, C.J., and CASANUEVA, J., Concur.