993 So.2d 553 (2008)
Rafael JIMENEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-3851.
District Court of Appeal of Florida, Second District.
October 15, 2008.
*554 Bryant R. Camareno, Tampa, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
CANADY, CHARLES T., Associate Judge.
Rafael Jimenez appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without comment the summary denial of claims three, five, six, and portions of claims two and seven and the nonsummary denial of claims one and four. For the reasons explained below, we reverse the summary denial of portions of claims two and seven.
Jimenez entered an open plea of guilty to one count of trafficking in cocaine. He was sentenced to a minimum mandatory term of fifteen years in prison. This court affirmed his conviction and sentence. See Jimenez v. State, 880 So.2d 1224 (Fla. 2d DCA 2004) (table).
In part of claim two of his motion for postconviction relief, Jimenez argued that his trial counsel was ineffective for failing to file a motion to dismiss based on an entrapment defense. He claimed that he was entrapped into committing the offense by the confidential informant (CI), with whom he had a longstanding friendship. Jimenez argued that the CI  as an agent of the government  induced Jimenez to engage in the offense of trafficking by telling Jimenez that the CI was in desperate need of money but that the CI could no longer continue his drug distribution in light of an earlier arrest. Jimenez claimed that the CI brought the drugs to his house and arranged for Jimenez to meet the prospective buyers. Jimenez asserted that the "CI took advantage of their friendship and begged [Jimenez] to help him financially." *555 Jimenez also argued that the CI gave him drugs while inducing him to commit the offense, taking advantage of Jimenez's drug addiction. Jimenez argued that he had no predisposition to commit the offense of trafficking. He claimed that counsel was aware of the facts that would support an entrapment defense and that but for trial counsel's unprofessional error in this regard, Jimenez would not have pleaded guilty.
The postconviction court denied this claim because Jimenez failed to "establish by a preponderance of the evidence that [Jimenez] was induced, since [Jimenez] did not put forth any facts or evidence to prove inducement. Simply stating that [he] was induced, incited or forced is not enough." We disagree with the postconviction court's conclusion that Jimenez did not state a facially sufficient claim.
Under Florida law, there are two distinct entrapment defenses: subjective entrapment and objective entrapment. Objective entrapment arises "in the presence of egregious law enforcement conduct" and "is to be evaluated under the due process provision of article I, section 9, of the Florida Constitution." Munoz v. State, 629 So.2d 90, 99 (Fla.1993). To establish subjective entrapment  unlike objective entrapmenta defendant must show that he was not predisposed to commit the alleged offense. Id. The elements of the subjective entrapment defense  the version of the defense relevant here  have been codified in section 777.201(1), Florida Statutes (2001).
Section 777.201(1) provides in part:
A law enforcement officer, a person engaged in cooperation with a law enforcement officer, or a person acting as an agent of a law enforcement officer perpetrates an entrapment if, for the purpose of obtaining evidence of the commission of a crime, he or she induces or encourages and, as a direct result, causes another person to engage in conduct constituting such crime by employing methods of persuasion or inducement which create a substantial risk that such crime will be committed by a person other than one who is ready to commit it.
The Florida Supreme Court has adopted a three-part test to determine if subjective entrapment under section 777.201(1) has occurred. Beattie v. State, 636 So.2d 744, 746 (Fla. 2d DCA 1993) (citing Munoz).
The first question is whether an agent of the government induced the accused to commit the offense charged. On this issue, the accused has the burden of proof and must establish this factor by a preponderance of the evidence. The second question is whether the accused was awaiting a propitious opportunity or was ready and willing, without persuasion, to commit the offense. On the second question, the defendant initially has the burden to establish lack of predisposition. As soon as the defendant produces evidence of no predisposition, the burden shifts to the prosecution to rebut this evidence beyond a reasonable doubt. In rebutting the defendant's evidence of lack of predisposition, the prosecution may make "an appropriate and searching inquiry" into conduct of the accused and present evidence of the accused's prior criminal history, even though such evidence normally is inadmissible. The third question is whether the entrapment evaluation should be submitted to a jury.
Id. If the State cannot produce evidence beyond a reasonable doubt that the defendant possessed a predisposition to commit the offense, a defendant is entitled to a dismissal of the charge. Id.
*556 Jimenez's allegations concerning the CI's actions are enough to demonstrate inducement. See State v. Henderson, 955 So.2d 1193, 1195 (Fla. 4th DCA 2007) ("`Inducement' includes persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy, or friendship.") (emphasis added) (quoting Farley v. State, 848 So.2d 393, 395 (Fla. 4th DCA 2003)). He also sufficiently alleged that he had no predisposition to commit the crime by claiming that he has no prior criminal history and "no history whatsoever of engaging in drug distribution." His allegations of entrapment are not refuted by the limited record before us. Therefore, we reverse the denial of this claim and remand for the postconviction court to either hold an evidentiary hearing on this claim or attach portions of the record that refute this claim.
In claim seven of his motion, Jimenez asserted in part that trial counsel was ineffective in failing to investigate the case. Specifically, Jimenez claimed that trial counsel never advised him of viable defenses or strategies or errors in the State's evidence, rendering Jimenez's plea involuntary and unknowing.
The postconviction court denied this claim as conclusory, finding that Jimenez failed "to identify or specify facts to support these assertions." The postconviction court properly found this portion of the claim to be conclusory because Jimenez did not allege specific facts which would demonstrate that his trial counsel was ineffective. See Kennedy v. State, 547 So.2d 912, 913 (Fla.1989) ("A defendant may not simply file a motion for postconviction relief containing conclusory allegations that his or her trial counsel was ineffective and then expect to receive an evidentiary hearing. The defendant must allege specific facts that, when considering the totality of the circumstances, are not conclusively rebutted by the record and that demonstrate a deficiency on the part of counsel which is detrimental to the defendant."). However, pursuant to Spera v. State, 971 So.2d 754, 761 (Fla.2007), Jimenez should be given an opportunity to amend his motion to state a facially sufficient claim.
Affirmed in part, reversed in part, and remanded for further proceedings.
SILBERMAN and LaROSE, JJ., Concur.