PER CURIAM.
 

 Appellant, Justin Black, was convicted in 2007 of selling cocaine after being caught on video taking part in a transaction with a confidential police informant. He filed a timely postconviction motion under Florida Rule of Criminal Procedure 3.850 asserting ineffective assistance of counsel on four grounds: (1) stipulating to and failing to object to the admittance of an FDLE laboratory report; (2) failing to inform Appellant of the existence of an entrapment defense; (3) failing to move to dismiss based on violation of due process; and (4) failing to investigate and present an entrapment defense. The trial court summarily denied the motion.
 

 We affirm the denial as to the first ground because Appellant did not establish that counsel’s stipulating to the FDLE report constituted deficient performance or that admission of the report into evidence without objection prejudiced him.
 
 See Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We also affirm as to the third ground in which Appellant argued defense counsel should have filed a motion to dismiss because the confidential police informant was being paid to conduct drug buys, and that such conduct by law enforcement was sufficiently egregious to violate the due process provision of article I, section 9, of the Florida Constitution.
 
 See Munoz v. State,
 
 629 So.2d 90, 99 (Fla.1993) (stating that due process principles “prohibit[ ] prosecutions brought about by methods offending one’s sense of justice.”);
 
 State v. Glosson,
 
 462 So.2d 1082, 1085 (Fla.1985) (holding that dismissal of charges for a due process violation is proper where an informant stands to receive payment contingent on testifying at trial when successful prosecution depends on the testimony). Although the informant was paid to make drug buys for the police and testify at trial, nothing
 
 *425
 
 in the record shows the payments were contingent on Appellant’s conviction and that the informant had a pecuniary interest in the outcome of the case.
 
 See Taylor v. State,
 
 612 So.2d 626, 629 (Fla. 1st DCA 1993) (no due process violation where informant was paid when controlled drug buy occurred and evidence did not show payments were conditioned on informant’s testimony and successful prosecution).
 

 Finally, we affirm the denial of Appellant’s motion as to grounds two and four, although we disagree with the trial court’s reasoning. The court treated grounds two, three, and four as all based on the same entrapment argument and denied them because neither Appellant’s motion nor the record demonstrates a breach of due process. However, the due process violation alleged in ground three differs from the purported inducement to commit a crime underlying grounds two and four.
 
 See
 
 § 777.201(1), Fla. Stat. (2006) (providing for an entrapment defense in criminal proceedings and requiring proof that law enforcement employed methods of inducement or persuasion “creating] a substantial risk that such crime would be committed by a person other than one who is ready to commit it.”). Supporting those two claims Appellant alleged that prior to the incident in which he sold cocaine to the confidential informant, he never had been arrested on drug charges and was not under investigation or surveillance by police. Thus, he asserted, he was not predisposed to sell the informant cocaine. But he alleged no conduct by the informant suggesting he was induced into a drug sale he otherwise would not have participated in. Consequently, Appellant did not demonstrate his counsel was ineffective for failing to pursue an entrapment defense.*
 
 Compare Jimenez v. State,
 
 993 So.2d 553, 556 (Fla. 2d DCA 2008) (claim of entrapment sufficiently alleged in postconviction motion where appellant stated that confidential informant induced him to engage in drug trafficking by pleading a desperate need for money, claiming he could not continue distributing drugs because of a recent arrest, and arranging for appellant to meet prospective buyers).
 

 AFFIRMED.
 

 WEBSTER, WETHERELL, and MARSTILLER, JJ., concur.
 

 See Webster v. Body Dynamics, Inc.,
 
 27 So.3d 805, 809 n. 12 (Fla. 1st DCA 2010) (restating the longstanding principle that where the trial court reaches the right result for the wrong reasons, its decision will be upheld on appeal if the record provides a basis that would support the ruling).