RAMIREZ, J.
Joaquin Blanco appeals from his conviction for trafficking in amphetamine, alleging several errors in his jury trial. Because we find that the errors complained of were waived or harmless, we affirm.
Blanco was arrested and charged with trafficking when he sold crystal methamphetamine to an undercover police officer. Blanco claimed he was induced into making the sale by Jesus Felizzula, a State confidential informant who Blanco met at an HIV facility. Prior to trial, the State moved to exclude any reference to Blanco’s HIV condition or the details of Felizzula’s agreement with the State. The trial court granted the motion. Defense counsel’s request to voir dire the jury panel regarding their opinions on entrapment was denied. Thereafter, defense counsel accepted the jury without renewing his objection to the restricted voir dire.
At trial, Blanco revealed that he met Felizzula while attending a facility for persons with HIV/AIDS where Felizzula served as Blanco’s mentor. The two men later became lovers. At the time, Felizzu-la, a convicted drug trafficker, was under a plea agreement which required him to produce trafficking level cases for the State. Blanco testified that he knew that Felizzu-la took drugs, and he was very much against it. Blanco did not take illegal drugs, and had never before or since this occurrence sold drugs.
At one point in their relationship, Blan-co, who was a real estate agent, sold Feliz-zula’s home. Felizzula was not satisfied with the amount he received from the sale. Subsequently, Felizzula moved out of the state, but called Blanco asking for his assistance in arranging a drug deal in Miami. Felizzula insisted that Blanco should do this to prove his love and to make amends for the money lost on Felizzula’s home. After repeated refusals, Blanco eventually relented and agreed to facilitate the sale.
Felizzula contacted his police handler, who referred him to undercover narcotics agent Chris Villano. Felizzula informed Villano that Blanco would sell him five eight-balls of crystal methamphetamine. Villano’s telephone call to Blanco was recorded and played to the jury. The two men began with a political discussion and then talked about the drug deal using coded language. Villano explained that conversations of this type usually used a code *936 to avoid detection. Blanco testified that because he was unfamiliar with the code being used, he simultaneously received instructions from Felizzula online. The telephone call was followed by an exchange of telephonic text messages through which Blanco and Villano agreed to meet. Blan-co testified that prior to meeting with Vil-lano, Felizzula had someone deliver a white envelope to him. When he later met with Villano, Blanco turned over the envelope in exchange for the amount of cash previously agreed upon. The contraband was confiscated and Blanco was immediately arrested. A subsequent search of Blanco’s home and car revealed no other drugs. The jury rejected Blanco’s entrapment defense and returned a guilty verdict.
On appeal, Blanco raises several trial court errors. First, Blanco contends that the trial court erred in excluding evidence which was relevant to defendant’s entrapment defense. In particular, Blanco argues the trial court should not have excluded: (a) references to Blanco’s HIV and that Felizzula was his HIV mentor as this showed the degree of Felizzula’s influence over Blanco; (b) testimony that Felizzula was telling Blanco what to say during his telephone conversation with Villano which showed that Blanco was unfamiliar with drug dealing language; and (c) Felizzula’s plea agreement because it explained Feliz-zula’s motivation for urging Blanco to make the drug deal. We agree with Blan-co that this evidence was relevant to his entrapment defense and should not have been excluded. See Morris v. State, 487 So.2d 291 (Fla.1986). Where evidence is presented to the jury in violation of a motion in limine, however, any error in its initial exclusion is harmless. See Connell v. Green, 330 So.2d 473 (Fla. 1st DCA 1976). Here, the jury heard all of the evidence complained of notwithstanding the motion in limine. Therefore, the trial court’s ruling excluding the evidence was harmless.
Next, Blanco contends that the trial court erred in denying defendant’s request to voir dire the jury regarding the entrapment defense because this prejudiced his effort to obtain a fair and impartial jury. Counsel should be given some leeway in questioning prospective jurors regarding their understanding of defendant’s defense. See Lavado v. State, 492 So.2d 1322 (Fla.1986); Walker v. State, 724 So.2d 1232 (Fla. 4th DCA 1999). But, it is well settled that counsel must renew any objections to voir dire errors before accepting the jury. See Lavin v. State, 754 So.2d 784 (Fla. 3d DCA 2000); Stripling v. State, 664 So.2d 2 (Fla. 3d DCA 1995). Here, defense counsel’s request to question the jury about entrapment was denied before voir dire commenced. Thereafter, defense counsel accepted the jury panel without renewing his objection to the trial judge’s restrictions. Accordingly, the error was not preserved below, and relief is unavailable by direct appeal.
Additionally, Blanco contends that the trial court erred in allowing the State to present that portion of the taped conversation between Villano and Blanco discussing political issues. Blanco claims that this portion of the tape should have been redacted as it was irrelevant and highly prejudicial. The State asserts that the evidence was relevant because it tended to rebut Blanco’s portrayal of his character as one easily influenced. We agree with the State that the evidence was relevant and therefore admissible as its relevance was not outweighed by any prejudicial effect. See § 90.401, .403, Fla. Stat. (2008); United States v. Webster, 606 F.2d 581, 584 (5th Cir.1979) (discussing government’s right to rebut defendant’s claim that he was an utter innocent, corrupted and seduced by a government agent into *937 selling cocaine); Munoz v. State, 629 So.2d 90, 99 (Fla.1993) (“In rebutting the defendant’s evidence of lack of predisposition, the prosecution may make ‘an appropriate and searching inquiry’ into the conduct of the accused.... ”); Delice v. State, 878 So.2d 465 (Fla. 4th DCA 2004) (determining evidence was relevant to defendant’s vulnerability to subjective entrapment). Accordingly, the trial court did not err in admitting the political discussion contained in the taped telephone conversation.
Finally, we summarily reject the issues raised in Blanco’s supplemental brief. See Little v. State, 77 So.3d 722 (Fla. 3d DCA 2011) (holding that section 893.13, Florida Statutes, as amended by section 893.101, Florida Statutes (2002) is constitutional); Comparato v. State, 419 So.2d 1131, 1134 (Fla. 1st DCA 1982) (holding that where pi’obation is not a permissible sentence alternative, sentencing defendant without a presentencing investigation report is not error).
For these reasons, we affirm the judgment entered below.
Affirmed.