MARSTILLER, J.
Roderick Delano Jones (“Appellant”) appeals his conviction and sentence for drug trafficking, asserting the trial court reversibly erred by allowing the State to rebut his claim of entrapment with evidence of a prior criminal act that, like the charged offense, resulted from law enforcement inducement. He argues the State may only establish his predisposition to commit the charged offense with evidence of criminal conduct prior to the inducement. “Post-inducement” criminal conduct, he contends, is irrelevant to the issue of predisposition, and therefore inadmissible. We disagree, and affirm.
On July 18, 2011, Appellant entered a second-hand store — a fictitious business set up by several law enforcement agencies as part of an undercover operation— and sold 40 hydrocodone pills to undercover Escambia County Sheriffs Deputy Jason Gilmore. The State thereafter charged Appellant with, and tried him for, drug trafficking. At trial, the State introduced into evidence the video recording of the transaction. Appellant admitted to selling the drugs to Deputy Gilmore on July 18, 2011, but claimed entrapment because, during one conversation in June 2011, the deputy induced him by asking if he could “get possession of ... drugs.” Appellant also admitted he had three prior felony convictions involving the sale of drugs; the most recent conviction occurred in 1996. To rebut the entrapment claim, the State sought to introduce a video recording of Appellant selling hydroco-done pills to Deputy Gilmore in the second-hand store on July 15, 2011. The State argued the evidence was relevant to prove Appellant’s predisposition to commit the July 18, 2011, charged offense. The trial court admitted the July 15 video as rebuttal evidence.
Appellant argues that, to rebut an entrapment claim, the prosecution must prove the defendant was predisposed to commit the crime before being approached by government agents. Because Deputy Gilmore spoke to him in June 2011 about getting drugs, Appellant posits the July 15 drug transaction itself resulted from the deputy’s inducement. Therefore, the transaction is simply irrelevant to the issue of predisposition, and thus, cannot serve to rebut the charge of entrapment. Because the July 15 video was not relevant to any other material fact, he argues, it served only to show the jury that Appellant had engaged in another, uncharged, drug sale. The trial court therefore reversibly erred by admitting the video into evidence.
Florida’s entrapment statute provides:
(1) A law enforcement officer, a person engaged in cooperation with a law enforcement officer, or a person acting as an agent of a law enforcement officer perpetrates an entrapment if, for the purpose of obtaining evidence of the commission of a crime, he or she induces or encourages and, as a direct result, causes another person to engage in conduct constituting such crime by employing methods of persuasion or inducement which create a substantial risk that such crime will be committed by a person other than one who is ready to commit it.
(2) A person prosecuted for a crime shall be acquitted if the person proves by a preponderance of the evidence that his or her criminal conduct occurred as a result of an entrapment. The issue of entrapment shall be tried by the trier of fact.
*1126 § 777.201, Fla. Stat. (2011). The two theories of entrapment are “objective entrapment,” which concerns law enforcement conduct amounting to a denial of due process, and “subjective entrapment,” which focuses on whether the defendant was predisposed to commit the crime. See James v. State, 525 So.2d 426, 427 (Fla. 1st DCA 1987).
As to subjective entrapment, which is at issue in this case, “the prosecution must prove beyond a reasonable doubt that the defendant was disposed to commit the criminal act prior to being approached by Government agents.” Jacobson v. United States, 503 U.S. 540, 549, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992). “Predisposition ... focuses upon whether the defendant was an ‘unwary innocent’ or, instead, an ‘unwary criminal’ who readily availed himself of the opportunity to perpetrate the crime.” Mathews v. United States, 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988). The state may prove predisposition with evidence of “the defendant’s prior criminal activities, his reputation for such activities, reasonable suspicion of his involvement in such activity, or his ready acquiescence in the commission of the crime.” State v. Casper, 417 So.2d 263, 265 (Fla. 1st DCA 1982). “[EJvidence of prior unlawful acts, similar to the one with which the defendant is charged, is ordinarily admissible to rebut a defense of entrapment.” Id. “However, admission of evidence of predisposition is limited to the extent it demonstrates predisposition on the part of the accused both prior to and independent of the government acts.” Munoz v. State, 629 So.2d 90, 99 (Fla.1993).
Appellant presents no legal authority to support his contention that the State may only rely on “pre-inducement” criminal conduct to establish predisposition. On the other hand, the supreme court in Munoz indicated that post-inducement acts can be relevant to proving predisposition. Discussing methods the prosecution may employ to rebut an entrapment claim, the court stated, “care must be taken in establishing the predisposition of a defendant based on conduct that results from the inducement.” Munoz, 629 So.2d at 99 (emphasis added). Arguably dictum, this statement nonetheless refutes Appellant’s assertion that criminal acts undertaken after alleged inducement by law enforcement are categorically irrelevant to prove predisposition.
In addition, Kent v. State, 704 So.2d 121 (Fla. 1st DCA 1997), which the State cites, establishes that the relevance of collateral criminal activity is not based solely on when the activity occurred. To do so would “place[ ] too high a premium on the time of the collateral offense.” Id. at 123. Rather, a court is to consider the circumstances attendant to both the collateral criminal act and the charged offense. In Kent, we considered whether evidence of a subsequent cnme can be relevant to prove the defendant’s predisposition to commit the charged offense. Rejecting the defendant’s argument that only prior acts are admissible to show predisposition, we explained, “a subsequent offense could reveal a criminal intent formed earlier[,]” or, “[depending on the circumstances, a subsequent offense might also complete a pattern of criminal activity that refutes a claim of police inducement.” Id. 123-24.
Here, the circumstances show Appellant had three prior convictions for drug sale offenses. The July 15 and July 18 transactions between Appellant and Deputy Gilmore share similarity of acts and location, and were proximate in time. Only one incident of alleged inducement occurred — a conversation between Appellant and Deputy Gilmore — before Appellant presented to the second-hand store a *1127 month later on July 15 prepared to sell drugs. Appellant negotiated a price for the hydrocodone pills, and offered to obtain more for Deputy Gilmore. Three days later, Appellant returned with more pills to sell, as promised. We conclude these circumstances make the July 15 transaction relevant to proving whether Appellant was not an “unwary innocent” induced into criminal activity by an undercover officer, but an “unwary criminal” who availed himself of the opportunity Deputy Gilmore presented to make money by selling drugs. The trial court therefore did not err by admitting the July 15 video to rebut Appellant’s entrapment claim. Cf. State v. Ramos 632 So.2d 1078, 1079 (Fla. 3d DCA 1994) (upholding trial court ruling that defendant was not predisposed to commit drug transaction crime, where no prior criminal history or law enforcement intelligence evidenced narcotics activities by defendant, and confidential informant contacted defendant 15 or 16 times to persuade him to commit offense).
AFFIRMED.
VAN NORTWICK and RAY, JJ, concur.