OSTERHAUS, J.,
dissenting.
I respectfully dissent and would affirm the trial court’s decision to deny Appellant’s motion to dismiss.
In Munoz v. State, the Florida Supreme Court said that trial judges may resolve the issue of entrapment as a matter of law in a motion to dismiss where two conditions prevail: “when the evidence is not conflicting and factual circumstances are not in dispute.” 629 So.2d 90, 95 (Fla.1993). Where I differ from my colleagues is that I view this case to involve conflicting evidence that precludes resolution of the entrapment issue as a matter of law. Specifically the trier of fact, rather than a court, should decide whether government inducement directly caused Appellant’s conduct.
Appellant’s entrapment defense asserts a particular interpretation of the evidence to resolve the key question of whether he decided for himself — -versus whether law enforcement directly caused him — to engage in the unlawful conduct. See § 777.201(1), Fla. Stat. (2011) (recognizing entrapment if law enforcement “induces or encourages and, as a direct result, causes another person to engage in [unlawful] conduct”). Appellant makes a reasonable argument for blaming his conduct on government inducement. And, in fact, the majority sees the evidence his way.
The problem is, however, that Appellant’s perspective is not the only reasonable way of interpreting the evidence. The state has posited an alternate, but perfectly reasonable, interpretation of the facts that places responsibility for Appellant’s conduct on Appellant himself. From the state’s perspective “Appellant failed to establish by a preponderance of the evidence that he was induced by law enforcement to commit the offense.” Compounding the force of the state’s view of the evidence at this juncture is that all questions and inferences from the facts must be resolved in its favor. See, e.g., Parks v. State, 96 So.3d 474, 476 (Fla. 1st DCA 2012) (“The State is not required to pre-try its case in defense of a motion to dismiss, but need only present sufficient facts that, when viewed in a light most favorable to the State, show that a reasonable jury could find in its favor.”). Because two conflicting, but wholly reasonable, interpretations of the facts exist in this case, I think the trial court correctly denied Appellant’s motion to dismiss. See Munoz, 629 So.2d at 100 (construing section 777.201 to require questions to be submitted to a jury when “reasonable per *280 sons could draw different conclusions from the facts”).
Furthermore, letting a jury resolve the issue of what precipitated Appellant’s unlawful conduct would closely comport with the statute. § 777.201(2), Fla. Stat. (2012) (“The issue of entrapment shall be tried by the trier of fact”). It would also be consistent with how other courts have handled entrapment cases with mixed evidence. See, e.g., Jackson v. State, 810 So.2d 545, 547-48 (Fla. 4th DCA 2002) (finding that whether defendant was induced required an interpretation of the facts and was a jury question); Irsula v. State, 805 So.2d 912 (Fla. 2d DCA 2001) (holding that because the entrapment evidence was not compelling and unopposed, it was properly submitted to the trier of fact); State v. Dawson, 681 So.2d 1206, 1208 (Fla. 3d DCA 1996) (quoting Munoz, 629 So.2d at 100) (explaining that entrapment “ordinarily present[s] factual issues to be decided by the jury, and should be submitted to the jury ‘when ... reasonable persons could draw different conclusions from the facts’ ”); Sallomi v. State, 629 So.2d 969, 970 (Fla. 5th DCA 1998) (finding that entrapment should be submitted to a jury to resolve disputed matters of fact unless the evidence is clear). See also Mathews v. United States, 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988) (“The question of entrapment is generally one for the jury, rather than for the court.”).
For these reasons, I think the trial judge correctly denied the motion to dismiss and kept this case on track for the trier of fact to resolve whether government inducement caused Appellant’s conduct.