BLUE, Judge.
The State appeals the dismissal of an information charging Albert Bennett with the sale of marijuana. Because we determine Bennett’s motion to dismiss was not sufficient to warrant dismissal, we reverse.
The State charged by felony information that Bennett “did unlawfully sell a certain controlled substance, to-wit: cannabis, commonly known as marijuana.” In Bennett’s sworn motion to dismiss, offered pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), he admitted buying what appeared to be marijuana and selling it to a confidential informant in the presence of an undercover police officer. Bennett asserted he had no prior criminal record for selling controlled substances and he never tried to sell controlled substances before or after the incident alleged by the State. Bennett’s assertions, even if true, are insufficient to establish an entrapment defense as a matter of law.
In Munoz v. State, 629 So.2d 90 (Fla.1993), the supreme court held that, in the absence of egregious conduct by law enforcement, the subjective test set forth in section 777.201, Florida Statutes (1987), applies to the issue of entrapment. The court identified a three-part test: first, whether a government agent induced the accused to commit the charged offense; second, whether the accused was predisposed to commit the offense; and third, whether the entrapment evaluation should be submitted to a jury. See Munoz, 629 So.2d at 99. On the initial question, the defendant has the burden of establishing by a preponderance of the evidence that the government induced him to commit the offense charged. See id. If the first question is answered affirmatively, the defendant then has the burden to establish his lack of predisposition.
Bennett’s allegations, by themselves, failed to conclusively demonstrate either that the government induced him to sell marijuana on this particular occasion or that he lacked the predisposition to commit this crime. As the United States Supreme Court explained in Jacobson v. United States, 503 U.S. 540, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992):
Government agents may not originate a criminal design, implant in an innocent person’s mind the disposition to commit a criminal act, and then induce commission of the crime so that the Government may prosecute_ [However], an agent deployed to stop the traffic in illegal drugs may offer the opportunity to buy or sell drugs and, if the offer is accepted, make an arrest on the spot or later. In such a typical case, or in a more elaborate ‘sting’ operation involving government-sponsored fencing where the defendant is simply provided with the opportunity to commit a crime, the entrapment defense is of little use because the ready commission of the criminal act amply demonstrates the defendant’s predisposition.
Jacobson, 503 U.S. at 548-50, 112 S.Ct. at 1540-41, quoted in Munoz, 629 So.2d at 99.
Because Bennett’s sworn motion to dismiss was not sufficient to demonstrate that the government induced him to sell marijuana or that he lacked the predisposition to commit the crime, the dismissal of the information alleging the sale of marijuana by Bennett is reversed.
Reversed and remanded.
CAMPBELL, A.C.J., and FULMER, J., concur.