711 So.2d 1314 (1998)
Bruce DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03710.
District Court of Appeal of Florida, Second District.
June 3, 1998.
James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Bruce Davis appeals the final judgment and sentence of his burglary conviction. We affirm the judgment and sentence except as to the trial court's imposition of costs, and we direct the trial court to correct the points assessed on the sentencing guidelines scoresheet.
In this case, there was sufficient evidence to deny Davis's motion for judgment of acquittal. Although error did occur when the trial court granted the State's motion in limine which restricted Davis's cross-examination of the victim regarding her pending charges, that error is subject to a harmless error analysis. See Larkins v. State, 655 So.2d 95 (Fla.1995). Because the evidence presented a strong case against Davis, there was no "reasonable possibility that the disclosure of the impeaching material would have affected the verdict." Id. Accordingly, the error was harmless.
Furthermore, we agree that there was a sentencing guidelines scoresheet error because of the four points assessed for slight victim injury; however, the record supports that the trial court imposed a sentence within the guidelines and that it would have imposed the same sentence even with the deletion of the four points. Accordingly, the sentence is not illegal and the error was harmless. See Sprankle v. State, 662 So.2d 736 (Fla. 2d DCA 1995).
Finally, Davis correctly argues that the trial court erred by imposing investigative costs without requiring proper documentation and by imposing attorney's fees without notice. In fact, the record supports that attorney's fees were never addressed at sentencing. Accordingly, we strike these costs and fees; however, upon remand the trial court may reimpose these costs in accordance with Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc).
We affirm the judgment and sentence, but strike the investigative costs and attorney's fees. Additionally, upon remand, we direct *1315 the trial court to correct the scoresheet by deleting the four points for slight victim injury.
PARKER, C.J., and ALTENBERND and QUINCE, JJ., concur.