ALLEN, J.
The appellant in this direct criminal appeal challenges his convictions for drug offenses. We reverse the convictions and remand this case for a new trial because the trial judge committed prejudicial error in precluding the appellant from presenting evidence of his lack of a criminal record in support of his entrapment defense.
*642 The appellant’s defense at trial was that he had been entrapped by a police informant. He was therefore required to make an evidentiary showing that he was induced by the informant to commit the crimes and that he was not predisposed to commit the crimes. See Munoz v. State, 629 So.2d 90, 99 (Fla.1993). As evidence of his lack of predisposition, the appellant attempted to testify that he had no prior criminal record, but the trial judge sustained a prosecution objection to the testimony. In doing so, the trial judge erred.
The supreme court recognized m Munoz that in responding to an entrapment defense the prosecution may offer evidence of an accused’s prior criminal history to demonstrate the accused’s predisposition to commit the crime, even though such evidence would normally be inadmissible. If evidence of prior criminal history is admissible as relevant evidence going to the question of whether an accused is predisposed to commit a crime, it is only reasonable and logical that evidence of the absence of a prior criminal history is likewise relevant to the question and also admissible. And courts in other jurisdictions have reached this same conclusion. See, e.g., U.S. v. Thomas, 134 F.3d 975 (9th Cir.1998); People v. Dobrino, 227 Ill. App.3d 920, 169 Ill.Dec. 904, 592 N.E.2d 391 (1992).
Because the error in this case satisfies the prejudicial error threshold of section 924.051(7), Florida Statutes, the appellant’s convictions are reversed and this case is remanded for a new trial.
JOANOS and DAVIS, JJ., CONCUR.