955 So.2d 1193 (2007)
STATE of Florida, Appellant,
v.
Matthew HENDERSON, Appellee.
No. 4D06-1706.
District Court of Appeal of Florida, Fourth District.
May 2, 2007.
*1194 Bill McCollum, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellant.
Russell L. Cormican of Kent & Cormican, P.A., Fort Lauderdale, for appellee.
STEVENSON, C.J.
After the State of Florida charged him with trafficking in methamphetamine, Matthew Henderson sought dismissal of the charge on entrapment grounds. The trial court granted Henderson's motion and dismissed the charge, prompting this appeal by the State. We reverse.
There are two different theories of entrapment. "Objective entrapment analysis focuses on the conduct of law enforcement" and "operates as a bar to prosecution in those instances where the government's conduct `so offends decency or a sense of justice' that it amounts to a denial of due process." Davis v. State, 937 So.2d 300, 302 (Fla. 4th DCA 2006) (quoting State v. Blanco, 896 So.2d 900, 901 (Fla. 4th DCA 2005)). Subjective entrapment, on the other hand, "is applied in the absence of egregious law enforcement conduct and focuses on inducement of the accused based on an apparent lack of predisposition to commit the offense." Id. In this case, it is clear from the order of dismissal that the trial court relied upon subjective entrapment in dismissing the charges against Henderson.
The subjective entrapment theory has been codified at section 777.201, Florida Statutes (2006), and, under such *1195 theory, the first question that must be addressed is "whether an agent of the government induced the accused to commit the offense charged." Munoz v. State, 629 So.2d 90, 99 (Fla.1993). It is the defendant who bears the burden of proof with respect to this issue and who must establish inducement by a preponderance of the evidence. Id. It is only when this first question is answered in the affirmative that the remaining two questions must be addressed, i.e., "whether the accused was predisposed to commit the offense charged" and whether the matter of subjective entrapment should be put to the jury. Id.
The salient facts are summarized from the defendant's sworn motion to dismiss and the State's traverse. In February 2004, Ruben Jaramillo entered a plea of guilty to trafficking in cocaine and, as part of the plea, entered into a substantial assistance agreement with the State whereby he agreed to act as a confidential informant for the Sunrise Police Department. Jaramillo provided the police with a list of 75 to 100 names of potential "targets" he felt he could "pursue" for the sale of illegal narcotics. Jaramillo compiled this list by going through old cell phones and rolodexes, listing persons that he had either bought drugs from or sold drugs to in the past. The defendant's name was on that list. Jaramillo and the defendant worked together at a restaurant in the mid-1990s. Jaramillo stopped working at the restaurant in 1995 and occasionally sold drugs to the defendant during the time they worked together and "shortly thereafter." Jaramillo and the defendant last had contact in approximately 1998 or 1999, when Jaramillo purchased methamphetamine from the defendant. After Jaramillo entered into his substantial assistance agreement, he placed a series of calls to the defendant and met with him in person to arrange the purchase of methamphetamine. On February 19, 2004, the defendant delivered methamphetamine to Jaramillo and was arrested, leading to the charges in this case.
"Entrapment" is defined as "employing methods of persuasion or inducement which create a substantial risk that such crime will be committed by a person other than one who is ready to commit it." § 777.201(1), Fla. Stat. "Inducement" includes "`persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship.'" Farley v. State, 848 So.2d 393, 395 (Fla. 4th DCA 2003) (quoting United States v. Davis, 36 F.3d 1424, 1430 (9th Cir.1994)). The record on appeal, as established by the sworn motion to dismiss and the State's traverse, fails to demonstrate the use of any such methods or tactics. The most that can be said in support of defendant's subjective entrapment argument is that Jaramillo reached out to a person with whom he had no contact for the last five or six years. But, that fact alone is not enough to prove inducement, and, absent a demonstration of inducement, defendant's claim of subjective entrapment should have failed.
Reversed and Remanded.
KLEIN and MAY, JJ., concur.