PER CURIAM.
Appellant, John Houston Oyler, was convicted of use of a computer to lure a minor to commit unlawful sexual conduct, traveling to meet the minor for the same illicit purpose and use of a two-way communication device to commit a felony. Determining that it was error to deny Appellant an entrapment instruction, we reverse and remand for a new trial.
The police conducted a “sting” operation, during which a police officer posed as a young female on an internet dating site, to ferret out would-be offenders who *201 prey on children. Because the dating site, “Plenty of Fish,” prohibited minors from participating, the police decoy’s profile represented that she was eighteen years old. Using the heading “prettyinpinkgirll: lookin4fun,” the profile emphasized that the fictitious female was not “seeking a relationship or any kind of commitment.” After Appellant and the police decoy established contact, the police decoy sent the following message: “im up for whatever ... what u lookin4.” Appellant responded: “[h]ello there. So what are you looking to do?” Appellant suggested that the two “hang out.” The decoy then asked Appellant if he “like[d] younger girls.” Appellant responded: “How old is younger?” The decoy revealed: “I’m 13 ... 2 young?” In response, Appellant expressed disbelief that she was thirteen and asked for a picture to confirm her age. The decoy provided him with a picture of what appeared to be a minor female. Appellant then expressed some concern regarding the legality of an encounter with a thirteen-year-old and questioned whether she was in fact a police officer trying to ensnare him. The decoy represented that she was not an officer. Thereafter, the majority of the conversation involved an attempt by both to get the other to articulate what he or she expected from an encounter. The following is illustrative:
[Appellant]: So for real, tell me what you wanna do. Do you want to do what I was talking about last night, or get drunk, or go for a ride, what’s up?
[Police]: ... and u were talkin about sex last night, is that what you want? I just wanna know lol
[Appellant]: I mean, if it happens, it happens. I wouldn’t be going with that intention. I would be going to party with a lonely chick that’s home alone and can’t really get out to do anything ... But, there is that whole mindset of whatever happens happens.
After an interchange that continued into the next day, with some intermissions, Appellant agreed to meet the decoy for the purpose of engaging in a sexual encounter. The police intercepted and arrested Appellant on his way to the rendezvous.
Although numerous issues are raised on appeal, we conclude that the dispositive issue requires a new trial, rendering it unnecessary to address the other points. The trial court effectively decided the issue of entrapment as a matter of law in favor of the State. This was error. Morgan v. State, 112 So.3d 122, 125 (Fla. 5th DCA 2013), is indistinguishable on this point.[2] As a corollary to this point, the trial court also erred in precluding Appellant from offering evidence that he had never been arrested. See Sykes v. State, 739 So.2d 641, 642 (Fla. 1st DCA 1999) (evidence of lack of prior criminal history relevant to entrapment defense).
REVERSED AND REMANDED.
PLEUS, R.J., Senior Judge, and SWANSON, R., Associate Judge, concur.
TORPY, C.J., concurs and concurs specially.

. The State's reliance on Marreel v. State, 841 So.2d 600 (Fla. 4th DCA 2003), is misplaced because that case did not involve a jury instruction issue. In Marreel, the defendant pled guilty after his motion to dismiss was denied. The issue on appeal in that case was whether the trial court erred when it denied the defense motion to dismiss based on entrapment.