NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NELSON RIVERA,                              )
                                           )
              Appellant,                   )
                                           )
v.                                         )     Case No. 2D13-5639
                                           )
STATE OF FLORIDA,                          )
                                           )
              Appellee.                    )
_____)

Opinion filed December 11, 2015.

Appeal from the Circuit Court for Lee
County; J. Frank Porter, Judge.

Howard L. Dimmig, II, Public Defender,
and Richard P. Albertine, Jr. and Brooke
Elvington, Assistant Public Defenders,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington,
Assistant Attorney General, Tampa, for
Appellee.


SILBERMAN, Judge.

        Nelson Rivera appeals his convictions and sentences for eight drug

offenses that he committed after a confidential informant (CI) befriended him.  An initial

brief was filed pursuant to Anders v. California, 386 U.S. 738 (1967), and this court

subsequently ordered merits briefing on two issues.  The State has failed to establish

that the error in prohibiting defense evidence of lack of a prior criminal record to support Rivera's subjective entrapment defense was harmless; therefore, we reverse and remand for a new trial. Our disposition on the first issue renders moot the second issue, regarding the denial of a defense motion for continuance, and thus we do not address the second issue further.

Rivera contended that he was entrapped by the CI and raised a defense of subjective entrapment at trial. An undercover officer testified to four purchases of cocaine she made from Rivera in the presence of the CI. The sales occurred on June 20 and 22, 2012, and July 11, 2012. The CI did not testify at trial. Everything the officers knew about Rivera came from information received from the CI.

Rivera testified to the CI's repeated efforts to convince him to make cocaine sales at a time when Rivera was unable to pay his bills and provide for his wife and children. Rivera had worked as a site manager for Waste Management for ten years. He had earned $65,000 per year as a manager for the last three years of his employment there. In August of 2011 he was laid off based on the economy and lost his house and his car.

Although Rivera did testify regarding his work history, the trial court denied defense counsel's request that Rivera be permitted to testify that he had no prior criminal record. Defense counsel made this request repeatedly. On one occasion counsel argued that Rivera was allowed to introduce evidence regarding his lack of criminal record because lack of predisposition is an element of the entrapment defense. And counsel was correct that it went to "the heart of" Rivera's subjective entrapment

defense–Rivera's sole defense.  Contrary to the State's assertion, we conclude that Rivera sufficiently preserved this issue for review.

The defense of subjective entrapment is codified in section 777.201, Florida Statutes (2013).  See Munoz v. State, 629 So. 2d 90, 99 (Fla. 1993).  To establish this defense, the defendant has the burden to first prove by a preponderance of the evidence that a government agent induced him to commit the charged offense.  Id.; State v. Henderson, 955 So. 2d 1193, 1195 (Fla. 4th DCA 2007).  Second, the defendant must produce evidence of lack of predisposition to commit the crimes.  Munoz, 629 So. 2d at 99.  Once the defendant produces this evidence, the burden shifts to the State to rebut the evidence beyond a reasonable doubt.  Id.  If the first two elements are met, then the third consideration is whether the entrapment defense should be submitted to the jury.  Id. at 100; Henderson, 955 So. 2d at 1195.

Inducement is defined as including "persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship."  Henderson, 955 So. 2d at 1195 (quoting Farley v. State, 848 So. 2d 393, 395 (Fla. 4th DCA 2003)).  When a government agent simply provides the defendant "with the opportunity to commit a crime, the entrapment defense is of little use because the ready commission of the criminal act amply demonstrates the defendant's predisposition."  State v. Bennett, 710 So. 2d 661, 662 (Fla. 2d DCA 1998) (quoting Jacobson v. United States, 503 U.S. 540, 550 (1992)).  Here, Rivera testified that the CI was aware that Rivera was "hurting" financially and that the CI called him repeatedly and acted aggressively to convince Rivera to

- 3 -

participate. Rivera also testified that the CI provided Rivera with the supplier to obtain the cocaine.

With respect to predisposition, the lack of a prior criminal record is relevant, and evidence of lack of a criminal record is admissible to support an entrapment defense. See Oyler v. State, 162 So. 3d 200, 201 (Fla. 5th DCA 2015); Sykes v. State, 739 So. 2d 641, 642 (Fla. 1st DCA 1999). In Sykes, the court determined that the error was prejudicial and reversed and remanded for a new trial when the trial court prohibited the defendant from introducing evidence of lack of a criminal record to support his entrapment defense. 739 So. 2d at 642. And in LeBron v. State, 127 So. 3d 597, 604 (Fla. 4th DCA 2012), the Fourth District determined that it was error to exclude testimony regarding the defendant's work history because steady employment was relevant to the defendant's lack of predisposition. The Fourth District determined that the error was not harmless when entrapment was the defendant's main theory of defense. Id.

Here, the State contends that the error is harmless. But the lack of predisposition went to the heart of Rivera's sole defense. He was prevented from showing that he lacked predisposition before the CI allegedly persuaded him to sell the cocaine. We cannot say that the exclusion of the evidence of Rivera's lack of a prior record was harmless. The State, as beneficiary of the error, has the burden to prove harmless error. McDuffie v. State, 970 So. 2d 312, 328 (Fla. 2007). Harmless error occurs when no reasonable possibility exists that the error contributed to the defendant's conviction. Id. "It is well-established that the harmless error test 'is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence,

a more probable than not, a clear and convincing, or even an overwhelming evidence test' but the 'focus is on the effect of the error on the trier-of-fact.' "  Id. (quoting State v. DiGuillio, 491 So. 2d 1129, 1139 (Fla. 1986)); see also Ortiz v. State, 654 So. 2d 1002, 1003 (Fla. 4th DCA 1995) (determining that, despite the defendant's "past connection to the drug world, the jury still could have believed that [the defendant] was not predisposed to commit this particular crime" and stating that it could not say beyond a reasonable doubt that the exclusion of corroborating testimony of inducement did not contribute to the jury's decision).  Further, the harmless error test does not allow the appellate court to weigh the evidence and substitute itself for the jury.  DiGuillio, 491 So. 2d at 1139.

Because we cannot say beyond a reasonable doubt that the exclusion of evidence regarding Rivera's lack of a prior criminal record did not contribute to his convictions, the State did not meet its burden to show that the error was harmless. Therefore, we reverse his convictions and sentences and remand for a new trial at which Rivera may present evidence that he has no prior criminal record.

Reversed and remanded for new trial.


NORTHCUTT and SALARIO, JJ., Concur.