IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RAMON DAVID SENGER,

       Appellant,

v.                                        Case No.  5D13-1961

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed May 27, 2016

Appeal from the Circuit Court
for Orange County,
Margaret H. Schreiber, Judge.

Harry E. Geissinger, III, Palm Beach,
for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Douglas T. Squire,
Assistant Attorney General, Daytona
Beach, for Appellee.

LAMBERT, J.

Ramon David Senger ("Senger") appeals his dual convictions under sections 847.0135(3)(b) and 847.0135(4)(b), Florida Statutes (2011)—using a computer to solicit a person believed to be a parent for sex with a minor ("solicitation") and traveling after using a computer to solicit a person believed to be a parent for sex with a minor ("traveling after solicitation"). Following the denial of his dispositive motions to dismiss, Senger

tendered an open, nolo contendere plea to both charges, reserving his right to appeal the denial of his motions. After a lengthy sentencing hearing, the trial court adjudicated Senger guilty on both counts and imposed a downward departure sentence of two years of community control on each count, followed by three years of sex offender probation for the solicitation charge, and eight years of sex offender probation for the traveling after solicitation charge, with the sentences running concurrently.[1] Senger was also designated as a sex offender pursuant to section 943.0435, Florida Statutes (2011).

Senger raises the following six issues on appeal: (1) the court erred in denying his separate motions to dismiss based on entrapment; (2) the court erred in not withholding an adjudication of guilt; (3) the court erred in designating him as a sex offender; (4) the court erred when it imposed sex offender probation; (5) sections 847.0135(3)(b) and (4)(b), Florida Statutes (2011), are unconstitutional; and (6) the convictions on both counts violate double jeopardy. Based on the facts of this case and, as the State commendably acknowledges, recent precedent from the Florida Supreme Court, double jeopardy principles prohibit separate convictions for both counts. Accordingly, we reverse Senger's conviction and vacate his sentence on the solicitation count, as it is the lesser offense. Thus, our analysis as to the issues raised by Senger will be limited to his conviction and sentence for traveling after solicitation.

---

[1] A defendant may appeal a conviction based on a nolo contendere plea only if he expressly reserves the right to appeal an order from the trial court denying a dispositive motion. *See Brown v. State*, 376 So. 2d 382, 384 (Fla. 1979); *see also* Fla. R. App. P. 9.140(b)(2)(A)(i). In the instant case, Senger's dispositive motions to dismiss were based on subjective entrapment, objective entrapment, and the constitutionality of section 847.0135(3)(b) and (4)(b), Florida Statutes (2011).

On July 28, 2011, an undercover detective with the Orange County Sheriff's Department posted an advertisement on Craigslist with the title, "Looking for a good man—w4m-34 (Orlando)." The message read: "Ok listen we are looking for a good man, and when I mean we it is about her. Please be understanding and a good teacher for her. Single mom here, for some family fun." That same day, Senger responded and the following communication between Senger and the detective took place:

> SENGER: Hey there saw your posting . . 33 years old in Winter Park . . Good guy here . . What did you have in mind? Hmm.
>
> [DETECTIVE]: Single mom here with a wonderful 14 year old daughter, I want her to learn from a good man like I did so. I know she can make a lot of mistakes in the beginning this needs to be kept in confidence I have a lot to loose [sic] here.
>
> SENGER: I gotcha . . . Sounds like fun and I think I could help .. Would you be involved too? Im ok w/that.
>
> [DETECTIVE]: I could help if you want she is ok w/that. What are you asking to teach her so I know you are the right man for her?
>
> SENGER: I can teach whatever you want me to .. Is it safe to discuss?
>
> [DETECTIVE]: Yes it is safe to discuss and I need to know what u r asking for I cant guess lol.
>
> SENGER: Oral and safe play, different positions.
>
> [DETECTIVE]: Baby pls stop and tell me what ur lesson would be about what r u asking for we r very open minded here.
>
> SENGER: I would like to give a good oral lesson on how to suck really good and swallow . . and an anal lesson on how to take in the ass without being painful. And maybe how to 69?
>
> [DETECTIVE]: r u talking hands on or just telling her how to do this.

3

> SENGER: Hands on. Yeah I would go slow . . don't wanna hurt. Yes I would like to show her some different positions and make her play w herself while taking it.[2]

Following this exchange, the detective sent Senger two photographs—one photo of a different detective that had been age regressed to make her appear as a fourteen-year-old girl, and a second photo of another detective portrayed as the mother. Senger responded by emailing five photographs of himself and providing his phone number. Through text messages, Senger then made arrangements to meet with what he believed were the mother and daughter on August 2, 2011. Upon arriving at the designated meeting location, the undercover detective recognized Senger and placed him under arrest. Upon searching Senger's vehicle, the detective located a backpack that contained an open box of condoms, a small bottle of lubricant, and a web camera. After being taken to the sheriff's office, Senger waived his *Miranda*[3] rights, admitted that he had sent all of the emails and text messages, and acknowledged that the emails stated that he was interested in the fourteen-year-old daughter.

Senger filed three separate motions to dismiss. The first motion was based on a claim of subjective entrapment, while the second motion argued objective entrapment. Both motions were denied after evidentiary hearings. In his third motion, Senger sought to dismiss the charges, asserting that sections 847.0135(3)(b) and (4)(b) of the Florida

---

[2] Ellipses in this block quotation do not indicate omissions, but rather, they were present in the actual messages exchanged between Senger and the detective.

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

4

Statutes were unconstitutional for being overly broad, void for vagueness, and in violation of Senger's right to free speech. This motion was also denied after a hearing.

Senger thereafter tendered an open, nolo contendere plea to both charges. Contemporaneous with his plea, Senger executed a document titled "Special Conditions for Sex Offenders per F.S. 948.30" in which he agreed to specific conditions of sex offender probation. Senger testified at the plea hearing that he had freely and voluntarily executed this document with the understanding that, as a result of his plea, he would be subject to these special conditions. At the later sentencing hearing, Senger successfully argued for the imposition of what amounted to a significant downward departure sentence, acknowledging however that the court would impose the special conditions of sex offender probation and that he would have to register as a sex offender.[4]

Entrapment

Senger argued in his motions to dismiss below, and argues here, that he was entrapped as a matter of law by the actions of law enforcement under both the subjective and objective standards. In considering a trial court's denial of a motion to dismiss founded on entrapment, our standard of review is de novo. *Bist v. State*, 35 So. 3d 936, 939 (Fla. 5th DCA 2010) (citing *State v. Perkins*, 977 So. 2d 643, 644 (Fla. 5th DCA 2008)).

The defense of objective entrapment is evaluated under the due process provision of article I, section 9, of the Florida Constitution. *Munoz v. State,* 629 So. 2d 90, 98 (Fla. 1993). The "'[o]bjective entrapment analysis focuses on the conduct of law enforcement' and 'operates as a bar to prosecution in those instances where the government's conduct

---

[4] The State has not challenged the downward departure sentence.

5

so offends decency or a sense of justice that it amounts to a denial of due process.'" *State v. Henderson*, 955 So. 2d 1193, 1194 (Fla. 4th DCA 2007) (quoting *Davis v. State*, 937 So. 2d 300, 302 (Fla. 4th DCA 2006)).

Senger essentially argues that, considering he has no prior arrests or criminal history, was not the target of a criminal investigation, and had no prior improper sexual contact with minor children, either in person or over the Internet, the previously described actions of law enforcement were so egregious that due process principles should "absolutely bar the government from invoking judicial processes to obtain a conviction." *State v. Glosson*, 462 So. 2d 1082, 1084 (Fla. 1985) (quoting *United States v. Russell*, 411 U.S. 423, 431–32 (1973)). We disagree. Here, law enforcement did not specifically target Senger. Rather, it simply presented an opportunity and waited until Senger contacted them. This activity is not prohibited. *Bist*, 35 So. 3d at 940 (citing *State v. Dickinson*, 370 So. 2d 762, 763 (Fla. 1979)); *see also State v. Murphy*, 124 So. 3d 323, 330 (Fla. 1st DCA 2013) (finding "nothing egregious or outrageous" in online advertisement for sex with minor used in targeting child-sex predators), *disapproved on other grounds*, *State v. Shelley*, 176 So. 3d 914, 916 (Fla. 2015).

The defense of subjective entrapment is codified at section 777.201, Florida Statutes (2011), which provides:

> (1) A law enforcement officer, a person engaged in cooperation with a law enforcement officer, or a person acting as an agent of a law enforcement officer perpetrates an entrapment if, for the purpose of obtaining evidence of the commission of a crime, he or she induces or encourages and, as a direct result, causes another person to engage in conduct constituting such crime by employing methods of persuasion or inducement which create a substantial risk that such crime will be committed by a person other than one who is ready to commit it.

6

> (2) A person prosecuted for a crime shall be acquitted if the person proves by a preponderance of the evidence that his or her criminal conduct occurred as a result of an entrapment. The issue of entrapment shall be tried by the trier of fact.

Subjective entrapment "focuses on inducement of the accused based on an apparent lack of predisposition to commit the offense." *Henderson*, 955 So. 2d at 1194 (quoting *Davis*, 937 So. 2d at 302). The analysis for subjective entrapment under section 777.201 involves a three-step inquiry. First, "whether an agent of the government induced the accused to commit the offense charged"; second, "whether the accused was predisposed to commit the offense charged"; and third, "whether the entrapment evaluation should be submitted to a jury." *Munoz*, 629 So. 2d at 99–100.

We find that the trial court did not err in denying Senger's motion to dismiss based on subjective entrapment. Senger basically argues that the undisputed evidence of his lack of a prior criminal history and no inappropriate involvement with minor children conclusively establishes his lack of predisposition to commit this crime. However, the issue of the lack of predisposition is not reached if the first step—inducement—is not established. *Munoz*, 629 So. 2d at 99. Here, we need not reach Senger's claim of lack of predisposition, as there was no inducement because "[n]either mere solicitation nor the creation of opportunities to commit an offense comprises inducement." *Marreel v. State*, 841 So. 2d 600, 603 (Fla. 4th DCA 2003). "Inducement can be found only when the government has ventured beyond a simple offer, say, by pleading with a defendant . . . ." *United States v. Gifford*, 17 F.3d 462, 468 (1st Cir. 1994) (citations omitted). The evidence before the trial court sufficiently demonstrated that the government was not "pleading" with Senger, rather, Senger's responses to law enforcement's Craigslist

7

advertisement were affirmative and arguably enthusiastic, as evidenced by his offers to actively participate in providing sexual teaching and guidance to what Senger believed was a fourteen-year-old girl.[5]

Sentencing

Additionally, Senger raises three claims of sentencing error. Senger argues that he should not have been adjudicated guilty, should not be designated as a sexual offender, and should not have been placed on sex offender probation. We conclude that Senger has not preserved these alleged errors for appellate review.

"To preserve error for appellate review, the general rule is a contemporaneous, specific objection must occur . . . at the time of the alleged error." *Gore v. State*, 964 So. 2d 1257, 1265 (Fla. 2007) (citations omitted). Here, no objections were raised by Senger at the sentencing hearing to any of the claimed errors. Nevertheless, a "sentencing error," which is an error in the sentence-related order, as opposed to an error in the sentencing process, may also be preserved for review by the filing of a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error during the pendency of the appeal. *Jackson v. State*, 983 So. 2d 562, 572–73 (Fla. 2008).

In the present case, the errors asserted by Senger are sentencing errors and he did file a rule 3.800(b)(2) motion during this appeal. However, his motion was untimely. Rule 3.800(b)(2) requires that the motion "must be served before the party's first brief is served." Senger filed his motion after filing his initial brief, thereby failing to preserve the sentencing errors for appellate review.

---

[5] We reject Senger's other arguments on entrapment without further discussion.

8

We further conclude that even if the claimed sentencing errors had been reviewable, Senger's arguments are meritless. First, the decision by a trial court to impose or withhold an adjudication of guilt is reviewed for an abuse of discretion. *See Sanchez v. State*, 541 So. 2d 1140, 1141 (Fla. 1989) (quoting § 948.01(3), Fla. Stat. (1985)). Senger acknowledges that because the charge of traveling after solicitation is a second-degree felony, section 775.08435, Florida Statutes (2011), provides that a court may not withhold an adjudication of guilt unless either the State requests it or the court makes written findings reasonably justifying the withholding of an adjudication of guilt based on circumstances or factors in accordance with those set forth in section 921.0026, Florida Statutes (2011), which outlines mitigating factors that a court may consider in determining whether to impose a downward departure sentence.

In this case, the State did not request that the court withhold an adjudication of guilt. On the record before us, we do not find that the court either abused its discretion or had some misconception of the controlling principle of law in adjudicating Senger guilty. The trial court heard extensive argument during these entire proceedings, held a lengthy sentencing hearing, and was clearly aware of its ability to withhold an adjudication of guilt if so warranted. To the extent Senger is arguing that because the court separately found sufficient grounds under section 921.0026 to impose the downward departure sentence, the court was required to withhold an adjudication of guilt, we disagree.

Second, we conclude that the trial court correctly designated Senger as a sex offender. The designation of a defendant as a sex offender is governed by section 943.0435, Florida Statutes (2011). A trial court's decision to designate a defendant as a sexual offender is an issue of statutory interpretation and is reviewed de novo. *See K.J.F.*

9

*v. State*, 44 So. 3d 1204, 1206 (Fla. 1st DCA 2010) (citing *E.A.R. v. State*, 4 So. 3d 614, 629 (Fla. 2009)).

Section 943.0435(1)(a)1. defines a "sexual offender" as, *inter alia*, a person who:

> Has been convicted of committing, or attempting, soliciting, or conspiring to commit, any of the criminal offenses proscribed in the following statutes in this state or similar offenses in another jurisdiction:  s. 787.01, s. 787.02, or s. 787.025(2)(c), where the victim is a minor and the defendant is not the victim's parent or guardian; s. 794.011, excluding s. 794.011(10); s. 794.05; s. 796.03; s. 796.035; s. 800.04; s. 825.1025; s. 827.071; s. 847.0133; s. 847.0135, *excluding* s. 847.0135(6); s. 847.0137; s. 847.0138; s. 847.0145; or s. 985.701(1) . . . .

§ 943.0435(1)(a)1.a.(I), Fla. Stat. (2011) (emphasis added).

Senger was adjudicated guilty of violating section 847.0135(4)(b).  The plain language of section 943.0435 requires that the court designate a defendant as a sexual offender if convicted of committing a criminal offense under section 847.0135, unless it is a conviction for violating section 847.0135(6), which, in this case, it is not.  Thus, Senger was properly designated as a sex offender.

Third, Senger argues that the court should not have placed him on sex offender probation.  He contends that the imposition of sex offender probation pursuant to section 948.30, Florida Statutes, is improper because his conviction is not for one of the enumerated offenses to which sex offender probation applies.

Senger is accurate that his conviction for traveling after solicitation is not one of the enumerated crimes under section 948.30.  In *Arias v. State*, 65 So. 3d 104, 105 (Fla. 5th DCA 2011), this court reversed the imposition of sex offender conditions of probation pursuant to section 948.30 because the crime committed by Mr. Arias was not one of the specified crimes.  Nevertheless, *Arias* is distinguishable from the present case in two

10

significant ways. First, unlike the present case, the trial court did not find Arias to be a sexual offender. Second, Arias did not agree to sexual offender probation. We find that the present case is more analogous to *Ackermann v. State*, 962 So. 2d 407, 408 (Fla. 1st DCA 2007), in which our sister court held that a defendant may not be sentenced to drug offender probation unless he has been convicted of a specifically enumerated drug offense or has specifically agreed to such probation in a plea agreement.

Admittedly, Senger did not have a plea agreement with the State. However, in his open plea to the court, Senger specifically agreed to be bound by the special conditions of sex offender probation as part of his effort to convince the trial court to impose a downward departure sentence. Having been successful in that endeavor, and due to the nature of the conviction, we believe it entirely appropriate that the trial court imposed sex offender probation.

Constitutionality of Section 847.0135(4)(b)

Senger next argues that the trial court erred in denying his motion to dismiss based upon the unconstitutionality of section 847.0135(4)(b). He argues that the statute is overbroad, void for vagueness, and that because his conversation was with an adult, and not a child, this statute is criminalizing "adult communications between adults," which violates his right to freedom of speech under the First Amendment of the United States Constitution. We find no error.

A trial court's decision regarding the constitutionality of a statute is reviewed de novo because it presents a pure question of law. *Dep't of Ins. v. Keys Title & Abstract Co.*, 741 So. 2d 599, 601 (Fla. 1st DCA 1999). In our analysis, we are reminded that there is a strong presumption that statutes are constitutionally valid, *In re Estate of*

11

*Caldwell*, 247 So. 2d 1, 3 (Fla. 1971), and that we are obligated to interpret statutes in such a manner as to uphold their constitutionality if it is reasonably possible to do so. *Capital City Country Club v. Tucker*, 613 So. 2d 448, 452 (Fla. 1993) (citation omitted).

"[T]he doctrines of overbreadth and vagueness are separate and distinct." *Se. Fisheries Ass'n v. Dep't of Nat. Res.*, 453 So. 2d 1351, 1353 (Fla. 1984). A statute is void for vagueness if it fails to provide "a person of ordinary intelligence fair notice of what constitutes forbidden conduct." *Sieniarecki v. State*, 756 So. 2d 68, 74 (Fla. 2000) (quoting *Brown v. State*, 629 So. 2d 841, 842–43 (Fla. 1994)). "The overbreadth doctrine applies only if the legislation 'is susceptible of application to conduct protected by the First Amendment.'" *Se. Fisheries Ass'n*, 453 So. 2d at 1353 (quoting *Carricarte v. State*, 384 So. 2d 1261, 1262 (Fla. 1980)).

Section 847.0135(4)(b), which is being challenged by Senger, provides:

> (4) **Traveling to meet a minor**.--Any person who travels any distance either within this state, to this state, or from this state by any means, who attempts to do so, or who causes another to do so or to attempt to do so for the purpose of engaging in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child or with another person believed by the person to be a child after using a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:
>
> . . . .
>
> (b) Solicit, lure, or entice or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct,

12

> commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Senger's arguments are meritless. First, a person of ordinary intelligence would readily understand that using a computer to communicate with a person who appears to be the parent of a minor child to obtain consent to having anal and oral sex with the child is a criminal act. Second, this statute cannot be construed to be applicable to protected conduct. Third, Senger is not entitled to protection under the First Amendment. The State clearly has a compelling interest in protecting minors from being lured to engage in illegal sexual acts, *Simmons v. State*, 944 So. 2d 317, 334 (Fla. 2006), and speech that is used to further the sexual exploitation of children most certainly does not enjoy constitutional protection. *Cashatt v. State*, 873 So. 2d 430, 435 (Fla. 1st DCA 2004); *see also United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004) (rejecting defendant's frivolous First Amendment argument because "[s]peech attempting to arrange the sexual abuse of children is no more constitutionally protected than speech attempting to arrange any other type of crime").

Double Jeopardy

Lastly, Senger argues that his separate convictions for solicitation and traveling after solicitation violate the constitutional prohibition against double jeopardy. We agree.

In *State v. Shelley*, 176 So. 3d 914, 919 (Fla. 2015), the court held, based on the plain language of section 847.0135, that the Legislature had not explicitly stated its intent to authorize separate convictions and punishments for conduct that constituted both solicitation under section 847.0135(3)(b) and traveling after solicitation under section 847.0135(4)(b). The court also determined that the statutory elements of solicitation are entirely subsumed by the statutory elements of traveling after solicitation, thus, double

13

jeopardy principles prohibited separate convictions based upon the same conduct. *Shelley*, 176 So. 3d at 919. Under these circumstances, the court concluded that the proper remedy is to vacate the solicitation conviction because it is the lesser offense. *Id.* Because *Shelley* is directly applicable to the present case, we reverse Senger's conviction for the solicitation charge and vacate his sentence.[6]

In summary, we affirm Senger's conviction and sentence for violating section 847.0135(4)(b), Florida Statutes (2011), and reverse his conviction and vacate his sentence for violating section 847.0135(3)(b).[7]

AFFIRMED in part; REVERSED in part.

PALMER, and EDWARDS, JJ., concur.

---

[6] Because Senger tendered an open, no contest plea, he did not waive his right to assert his double jeopardy claim. *See Wagner v. State*, 177 So. 3d 695, 696–97 (Fla. 5th DCA 2015).

[7] Finally, we find no reason in this record to remand this case for resentencing on the traveling after solicitation conviction. After deleting the sentencing points from Senger's criminal punishment code scoresheet for the now-vacated solicitation conviction, Senger still has sufficient sentencing points to require a prison sentence, absent a downward departure. Thus, his downward departure, non-prison sentence for his conviction of traveling after solicitation remains unaffected.