DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CLINTON JOHNSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-845

[January 9, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ilona Maxine Holmes, Judge; L.T. Case Nos. 13-233CF10A and 12-7890CF10A.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Brooke Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant challenges the denial of his motion for downward departure and his sentence. He argues the trial court erred in denying his motion for downward departure and that errors in the scoresheet require a resentencing. We agree in part. We affirm the order denying the downward departure motion without further comment. But, a few technical, but significant, scoresheet errors require us to reverse the defendant's sentence and remand the case for resentencing.

The defendant was on drug offender probation for a drug charge. He entered a no contest plea to violating his probation by committing new offenses and to the new offenses of armed kidnapping and robbery with a weapon. The State proffered a factual basis for the plea.

In short, three men entered an AT&T store and robbed an employee of numerous cell phones. They bound the victim's wrists behind her, and ordered her to stay facing the wall. Just before leaving, one of the codefendants pepper sprayed the victim.

Shortly after this robbery, another similar robbery occurred at a T-Mobile store. The surveillance video from that robbery was released to the media, which led to a Crime Stoppers tip identifying four perpetrators; one of them was the defendant. The T-Mobile incident was prosecuted separately from the AT&T incident, case no. 13-233.

The defense stipulated to the factual basis proffered by the State, but added that the codefendants played more egregious roles in the offenses. Defense counsel acknowledged the law on principals. The judge responded: "[i]t's as if he was he was doing everything that the other actors did. The only thing I can't impose is minimum mandatories if firearms were used."

The scoresheet calculated the defendant's lowest permissible sentence as 122.55 months or approximately 10.2 years. The defendant moved for a downward departure. He argued that he did not possess a weapon and played only a minor part in the armed robbery. He argued that the crime for which he was on probation was non-violent. He claimed he was eligible for a downward departure because he was too young to appreciate the consequences of his actions. The trial court denied the motion.

The court sentenced the defendant to fifteen years in prison with credit for time served in case no. 13-233. The court revoked the defendant's probation and sentenced him to concurrent fifteen years in prison with credit for time served.

In his third motion to correct sentencing error, the defendant argued his scoresheet incorrectly ranked his armed kidnapping offense as a Level 10 instead of a Level 9 offense because he was not in actual possession of a weapon. He argued that ranking the offense too high and assessing victim injury points, without a jury finding that he possessed a weapon or that the victim suffered an injury, violated his Sixth Amendment rights. Finally, he argued the judgment in case no. 13-233 referenced an incorrect statute and contained a scrivener's error.

The State responded there were no scoresheet errors and only the scrivener's error needed to be corrected. The motion was deemed denied when the trial court failed to rule within 60 days. The defendant now appeals.

On appeal, the defendant continues to argue the scoresheet improperly classified him as a principal, ranking his primary offense one level too high, which resulted in the imposition of twenty-four extra points. He also

disputes the added victim injury points because he claims the record does not support a finding of physical injury. And, the defendant argues the addition of these points violates his Sixth Amendment right. The defendant suggests the use of the inaccurate scoresheet was not harmless. He requests that we reverse and remand for a new sentencing.[1]

- ### *The Scoresheet Errors*

  - *Level of Offense*

Kidnapping is a first degree felony, punishable up to life and is ranked as a level nine offense. §§ 787.01(2); 921.0022(3)(i), Fla. Stat. (2018). Section 775.087(1), Fla. Stat. (2018), provides for reclassification of felonies when a weapon or firearm is involved. The statute provides that: "[f]or purposes of sentencing under chapter 921 . . ., a felony offense which is reclassified under this section is ranked one level above the ranking under s. 921.0022 or s. 921.0023 of the felony offense committed." § 775.087(1).

However, our supreme court has held that "when a defendant is charged with a felony involving the 'use' of a weapon, his or her sentence cannot be enhanced under section 775.087(1) without evidence establishing that the defendant had personal possession of the weapon during the commission of the felony." *State v. Rodriguez*, 602 So. 2d 1270, 1272 (Fla. 1992). Here, the State admitted the defendant was never in possession of a weapon.

The scoresheet therefore should have reflected the primary offense as a level nine, instead of a level ten, offense. The defendant should have been assessed 92 points instead of 116 points. This is a difference of twenty-four (24) points.

  - *Victim Injury Points*

Section 921.0021(7)(a), Fla. Stat. (2018) defines "victim injury" as "the physical injury or death suffered by a person as a direct result of the primary offense, or any additional offense, for which an offender is convicted and which is pending before the court for sentencing at the time

---

[1] The State responds the scoresheet issues were not preserved, and even if they were, any error was harmless. We disagree with the State. The defendant's 3.800(b) motion specifically raised the scoresheet issues; they were preserved. *See Senger v. State*, 200 So. 3d 137, 144 (Fla. 5th DCA 2016).

of the primary offense."

The defendant argues the record does not support adding slight victim injury points. He suggests the victim only had her hands bound by a zip tie and was pepper sprayed on the side of her face. Contrary to the victim's testimony from the other robbery, this victim did not describe physical injuries suffered from the pepper spray or restraints.

The State responds that the victim's testimony was sufficient for the assessment of victim injury points. *See Green v. State*, 496 So. 2d 256, 259 (Fla. 5th DCA 1986). Pepper spray is considered a chemical weapon, except when used for self-defense. § 790.001(3)(b), Fla. Stat. (2018). And, the court specifically commented on the potential damaging effect of pepper spray. The State further suggests that even if the victim injury points were error, the error was harmless. *See Davis v. State*, 711 So. 2d 1314, 1314 (Fla. 2d DCA 1998).

The victim's testimony was short, but sufficient to support the allocation of slight victim injury points. There was no error in adding slight victim injury points.[2]

o *Resentencing and Correction of Errors*

"[I]t is essential for the trial court to have the benefit of a properly calculated scoresheet when deciding upon a sentence. . . ." *State v. Anderson*, 905 So. 2d 111, 118 (Fla. 2005). "When a scoresheet error is challenged on direct appeal, the error 'is harmless if the record conclusively shows that the trial court *would have imposed* the same sentence using a correct scoresheet.'" *Chambers v. State*, 217 So. 3d 210, 213 (Fla. 4th DCA 2017)) (quoting *Brooks v. State*, 969 So. 2d 238, 241 (Fla. 2007)).

First, both the defendant and State agree that the judgment contains a scrivener's error in the statute referenced. The judgment references § 787.01(a), Fla. Stat (2017), but it should read § 787.01(1)(a), Fla. Stat. (2017). That error needs correction.

Second, the judgment incorrectly references § 775.087. That enhancement section applies only when the defendant is in actual possession of a weapon or firearm. Once again, the defendant and State

---

[2] We find no merit in the defendant's attempt to raise these issues to a constitutional level.

4

agree the defendant was not in actual possession of a weapon or firearm. And, while we disagree with the defendant on the addition of victim injury points, the State cannot establish the court would have imposed the same sentence absent the twenty-four (24) points added for the weapon enhancement.

Finally, the record fails to reflect a written order on the court's revocation of probation. "If a trial court revokes a defendant's probation, the court is required to render a written order noting the specific conditions of probation that were violated." *King v. State*, 46 So. 3d 1171, 1172 (Fla. 4th DCA 2010). While the trial court orally pronounced its revocation of the defendant's probation based on the new law violations, there is no written order revoking probation in the record. Both the defendant and the State agree, the error should be corrected.

*Reversed and remanded for a new sentencing hearing and correction of the scrivener's error.*

GROSS and CONNER, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

5