DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KARL W. JOHNSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-3042

[November 16, 2022]

CORRECTED OPINION

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kirk C. Volker, Judge; L.T. Case No. 502016CF005091A.

Karl W. Johnson, Raiford, pro se.

Ashley Moody, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Karl Johnson appeals an order summarily denying his multi-claim motion filed under Florida Rule of Criminal Procedure 3.850. We reverse and remand for further review of Appellant's claim that defense counsel failed to present evidence to support Appellant's entrapment defense. We affirm in all other respects.

Appellant was convicted following a jury trial of trafficking in heroin. Subjective entrapment was his trial defense. *See* § 777.201(2), Fla. Stat. (2016) ("A person prosecuted for a crime shall be acquitted if the person proves by a preponderance of the evidence that his or her criminal conduct occurred as a result of an entrapment."). "Subjective entrapment … 'is applied in the absence of egregious law enforcement conduct and focuses on inducement of the accused based on an apparent lack of predisposition to commit the offense.'" *State v. Laing,* 182 So. 3d 812, 815 (Fla. 4th DCA 2016) (quoting *State v. Henderson,* 955 So. 2d 1193, 1194 (Fla. 4th DCA 2007)).

A detective was the State's primary witness. The detective was working undercover when he contacted Appellant to set up a drug buy which led to Appellant's arrest and conviction.

Within his Rule 3.850 motion, Appellant contends defense counsel failed to present available video evidence to support the entrapment defense and corroborate Appellant's trial testimony. Appellant alleges the video shows promises made to him by the detective that induced Appellant to engage in the drug deal, and the video would also impeach the detective's testimonial claim that he didn't know "Alicia," an individual whom Appellant claims was an integral person in the alleged entrapment.

To refute the claim, the State and trial court relied on a *Nelson*[1] hearing which the trial court held during sentencing regarding the video. However, that hearing solely addressed Appellant's complaint that trial counsel failed to use the video to adequately impeach the detective.

In evaluating Appellant's Rule 3.850 motion, the trial court did not view the video at issue. Because the prior *Nelson* hearing did not sufficiently cover the factual allegations made in the postconviction motion regarding *substantive* use of the evidence, we reverse and remand for further review of the claim. *See Brown v. State*, 770 So. 2d 1285, 1285 (Fla. 3d DCA 2000) ("Because testimony at the *Nelson* hearing did not fully address the factual issues raised in the defendant's 3.850 motion and sworn affidavit, we reverse and remand for an evidentiary hearing."). On remand, the trial court may attach additional portions of the record that conclusively refute Appellant's claim or, alternatively, conduct an evidentiary hearing.

*Affirmed in part, reversed in part and remanded.*

WARNER, CIKLIN and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] *Nelson v. State,* 274 So. 2d 256 (Fla. 4th DCA 1973).