# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-1593
Lower Tribunal No. 2024-MM-402536-A-O

_____

STATE OF FLORDA

Appellant,

v.

KEITH JOHN GADBOIS,

Appellee.

_____

Appeal from the County Court for Orange County.
Martha C. Adams, Judge.

February 27, 2026

NARDELLA, J.

The State of Florida appeals the trial court's order granting Keith Gadbois's ("Gadbois") motion to dismiss the information filed against him. The trial court determined that dismissal was appropriate based on Gadbois's defense of subjective entrapment. As explained below, this was error, and we reverse.

The Orange County Sheriff's Office occasionally conducts "sting" operations. During one such operation on South Orange Blossom Trail,[1] an undercover agent dressed as, and mimicked the actions of, a prostitute, i.e. drawing closer to the busy street and then retreating, all the while with a hotel behind her. During this performance, she encountered Gadbois when he pulled his car off the main road to enter the hotel's parking lot where she stood in hopes of attracting the right attention. After Gadbois entered the lot, a conversation between the two ensued.

According to the agent, Gadbois asked her if the police were bothering her and she in turn asked him if he wanted to party. Gadbois responded that he had just gotten off work and needed to shower; she responded that he could use hers in the hotel room just behind them. While she testified that he agreed, he tells a different story. In any event, their conversation continued. The agent testified that she quoted Gadbois the price which he agreed to but needed to get money first. Gadbois stated that he declined. As Gadbois drove away, the police pulled him over and arrested him. Later, the State charged Gadbois with offering to commit, committing, or engaging in prostitution, lewdness, or assignation by sexual intercourse in violation of section 796.07(2)(e), Florida Statutes (2024). Gadbois successfully moved to dismiss this charge, stating under oath in his motion that he "did not initiate any

---

[1] Through testimony the State established that this was an area well-known for prostitution.

criminal activity nor did he initiate any communication with" the agent and prevailing on his defense that the government's "sting" operation subjectively entrapped him. This is the only issue before us in this appeal.[2]

The defense of subjective entrapment is codified in section 777.201, Florida Statutes (2024). Entrapment occurs when law enforcement employs methods of persuasion or inducement which create "a substantial risk that such crime will be committed by a person other than one who is ready to commit it." § 777.201(1), Fla. Stat.[3] A court considers two questions of fact in determining whether entrapment has occurred: (1) improper inducement by law enforcement and (2) the defendant's lack of predisposition to commit the offense charged. *See Munoz v. State*, 629 So. 2d 90, 99 (Fla. 1993).

Section 777.201(2) mandates that entrapment is to be tried by a jury. § 777.201(2), Fla. Stat. Despite this mandate, a trial court may dismiss the criminal

---

[2] In this appeal, we do not confront whether the State can satisfy the elements of the crime charged. Our task is to decide the only issue raised: whether the trial court erred in dismissing the charge based on Gadbois's defense of subjective entrapment.

[3] Section 777.201(1), Florida Statutes (2024), states in full: "A law enforcement officer, a person engaged in cooperation with a law enforcement officer, or a person acting as an agent of a law enforcement officer perpetrates an entrapment if, for the purpose of obtaining evidence of the commission of a crime, he or she induces or encourages and, as a direct result, causes another person to engage in conduct constituting such crime by employing methods of persuasion or inducement which create a substantial risk that such crime will be committed by a person other than one who is ready to commit it."

charge before it reaches a jury if the undisputed facts establish both prongs. *Munoz*, 629 So. 2d at 95. Gadbois asserts that the facts in this case are undisputed, and the defense was properly decided by the trial judge. We disagree.

Gadbois asserts, as he did below, that the undercover agent interrupted his commute home by approaching his vehicle "[u]ninvited and unprompted" and "initiat[ing] a conversation." But the agent testified that Gadbois pulled his car off the road to enter the hotel parking lot where the agent dressed and acted like a prostitute. Gadbois argues that it was the agent who turned their conversation to the topic of sex, but differing conclusions can be drawn from their conversation and the context in which it took place, and such an invitation does not *per se* amount to inducement. *See United States v. Gifford*, 17 F.3d 462, 468 (1st Cir. 1994) ("Neither mere solicitation nor the creation of opportunities to commit an offense comprises inducement as that term is used in entrapment jurisprudence."); *Cantrell v. State*, 132 So. 3d 931, 932 (Fla. 1st DCA 2014) ("A mere invitation under false pretenses is not synonymous with inducement."), *quashed on other grounds*, No. SC14-565, 2016 WL 1669260 (Fla. Apr. 27, 2016); *Mareel v. State*, 841 So. 2d 600, 603 (Fla. 4th DCA 2003) ("Inducement entails some semblance of 'arm-twisting,' pleading, or coercive tactics." (quoting *Gifford*, 17 F.3d at 468)).

"Inducement is defined as including 'persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need,

4

sympathy[,] or friendship." *State v. Lopez-Garcia*, 356 So. 3d 857, 860 (Fla. 2d DCA 2022) (quoting *Rivera v. State*, 180 So. 3d 1195, 1197 (Fla. 2d DCA 2015)). "Inducement cannot be found by prompting or creating an opportunity." *Id*. (quoting *State v. Harper*, 254 So. 3d 479, 486 (Fla. 4th DCA 2018)). Accepting the undercover agent's account of their interaction and the conversation that followed, a jury could conclude that the government merely created the opportunity, and that alone does not qualify as inducement. Because inducement was disputed, the trial court erred by granting Gadbois's motion to dismiss.[4]

REVERSED and REMANDED.

TRAVER, C.J., and WOZNIAK, J., concur.


James Uthmeier, Attorney General, Tallahassee, and Richard A. Pallas, Jr., Assistant Attorney General, Daytona Beach, for Appellant.

Megan L. Garcia, Windermere, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND  TIMELY FILED

---

[4] We do not reach the issue of Gadbois's predisposition to commit the crime charged.